UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ALEX HERNANDEZ,

      Plaintiff,

v.

A&E EXPEDITED, INCORPORATED,
CARGO TRANSPORT ALLIANCE, L.L.C.,
YULIA GALUNOVA,
ANATOLY GALUNOV,
MARINA GALUNOVA,

      Defendants.
_____/

## COMPLAINT
*{Jury Trial Demanded}*

Plaintiff, ALEX HERNANDEZ, brings this action against Defendants, A&E EXPEDITED, INCORPORATED, CARGO TRANSPORT ALLIANCE, L.L.C., YULIA GALUNOVA, ANATOLY GALUNOV, and MARINA GALUNOVA, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff ALEX HERNANDEZ was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, Plaintiff engaged in interstate commerce on a regular and recurring basis within the meaning of the FLSA through his interstate travel and communication.

4. At all times material hereto, Defendant, A&E EXPEDITED, INCORPORATED, was a Illinois corporation engaged in business in South Florida, engaged in commerce in the field of cargo transportation and logistics, at all times material hereto was the "employer" of Plaintiff as

1

that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5. At all times material hereto, Defendant, CARGO TRANSPORT ALLIANCE, L.L.C., was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of cargo transportation and logistics, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

6. Defendants, A&E EXPEDITED, INCORPORATED and CARGO TRANSPORT ALLIANCE, L.L.C., are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

7. Defendants, A&E EXPEDITED, INCORPORATED and CARGO TRANSPORT ALLIANCE, L.L.C., were joint employers of Plaintiff, under the FLSA, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

8. Defendant, YULIA GALUNOVA, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, CARGO TRANSPORT ALLIANCE, L.L.C., and controlled Plaintiff's duties, hours worked, and compensation. Accordingly, YULIA GALUNOVA was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

9. Defendant, ANATOLY GALUNOV, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, CARGO TRANSPORT ALLIANCE, L.L.C., and controlled

Plaintiff's duties, hours worked, and compensation. Accordingly, ANATOLY GALUNOV was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

10. Defendant, MARINA GALUNOVA, is a resident of Broward County, Florida and was, and now is, a manager of Defendant, CARGO TRANSPORT ALLIANCE, L.L.C., and controlled Plaintiff's duties, hours worked, and compensation. Accordingly, MARINA GALUNOVA was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11. Plaintiff ALEX HERNANDEZ worked for Defendants as a truck driver.

12. Defendants failed to pay Plaintiff the full proper minimum wage rate for all hours worked.

13. Attached as Exhibit A is a preliminary calculation of Plaintiff's claims. These amounts may change as Plaintiff engages in the discovery process.

14. Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

15. Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

16. Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

# COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")
## ALL DEFENDANTS

17. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

18. Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esq.
Bar No.: 74791